**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
PEDRO A. OLIVIER-DIAZ,          :
                                : Civil Action No. 13-6615 (RMB)
        Petitioner,             :
                                :
        v.                      :       **OPINION**
                                :
J. HOLLINGSWORTH                :
                                :
        Respondent.             :
_____:

This matter comes before the Court upon Petitioner's § 2241 petition, see Docket Entry No. 1, which arrived accompanied by his in forma pauperis application. See Docket Entry No. 1-1.

Petitioner is a federal inmate currently confined at the FCI Fort Dix, Fort Dix, New Jersey. See generally, Docket. He stated that his current term of imprisonment resulted from the conviction and sentence rendered by the United States District Court for the District of Maine, see Docket Entry No. 1, at 23, and the United States Court of Appeals for the Fourth Circuit affirmed the same on direct appeal. See id. at 2. Petitioner also stated that he sought § 2255 relief from his court of conviction, and that application was denied. See id. Alleging that he is "actually innocent" of the conduct underlying the enhancement portion of his sentence, Petitioner now seeks § 2241 relief relying on Alleyne v. United States, 133 S. Ct. 2151

(2013)).[1]  See id. at 2-6.  In support of his jurisdictional position, he maintains that § 2255 is "inadequate" to establish his "actual innocence" as to the disputed portion of his sentence.  See id. at 2.

Petitioner errs.  His attack on his sentence is not cognizable in § 2241 review.

After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997).  "Section 2255

---

[1] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence.  Alleyne extended this principle to facts that increase a defendant's statutory mandatory minimum sentence, namely, brandishing a firearm.  The issue of whether Alleyne is applicable on collateral review was recently certified to the United States Court of Appeals for the Third Circuit by the United States District Court for the Eastern District of Pennsylvania.  See United States v. Reyes, 2013 U.S. Dist. LEXIS 112386 (E.D. Pa. Aug. 8, 2013).  Thus far, at least four district courts have found that Alleyne does not apply retroactively to cases on collateral review.  See id.; see also United States v. Stanley, 2013 U.S. Dist. LEXIS 98943 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 U.S. Dist. LEXIS 102150 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 U.S. Dist. LEXIS 104835 (E.D. Mo. July 26, 2013).

is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).

A § 2255 motion is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 petition. In re Dorsainvil, 119 F.3d at 252. In this case, Petitioner's core conduct underlying his conviction was and still is a crime. Since his dispute is limited solely to the sentence-enhancement determination rendered by the District of Maine, he cannot avail himself of the "safety valve," and his reliance on the recent United States Supreme Court case Alleyne v. United States, 133 S. Ct. 2151 (2013), is misplaced.

3

>     Alleyne is an extension of Apprendi v. New Jersey, 530
>     U.S. 466 . . . .  Because we have held that Apprendi
>     claims must be brought pursuant to § 2255, not § 2241,
>     see Okereke, 307 F.3d at 120-21, it follows that
>     Alleyne claims must be brought pursuant to § 2255 as
>     well.  Thus, the District Court [ruled correctly] in
>     dismissing [Petitioner's] § 2241 petition for lack of
>     jurisdiction.

Jackman v. Shartle, 2013 U.S. App. LEXIS 17281, at *3-5 (3d Cir. Aug. 20, 2013) (footnotes omitted).  Thus, the Court is obligated to dismiss the Petition for lack of § 2241 jurisdiction.[2]

For the foregoing reasons, Petitioner's in forma pauperis application will be granted.  His Petition will be dismissed for lack of § 2241 jurisdiction.

An appropriate Order follows.

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**

Dated: November 20, 2013

---

[2] Moreover, this Court finds it not in the interests of justice to construe the Petition as a mislabeled and improperly filed application to the Fourth Circuit seeking leave to file a second/successive § 2255 motion.  However, no statement made in this Opinion or the Order filed herewith prevents Petitioner from seeking such leave from the Fourth Circuit on Petitioner's own.  This Court expresses no opinion as to substantive or procedural propriety or impropriety of such an application in the event Petitioner elects to file it.

4